ORIGINAL

DAVID BYLSMA Pro-Se
1212 Kinau St. #1603
Honolulu, Hi 96814
davidbylsmahawaii@yahoo.com
(808) 234-3932

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 01 2019
at 2 o'clock and 50 min P M
SUE BEITIA, CLERK JT

UNPAID, IFP SUBMITTED

CC: DKW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

CV19 00535 DKW WRP

Plaintiff
DAVID G. BYLSMA

CIVIL NO._____

vs.

Defendant
STATE OF HAWAII
HONORABLE GOVERNOR DAVID IGE
HAWAII PUBLIC HOUSING AUTHORITY
HAKIM OUANSAFI, DAVID STEHLIN,
ROBEI BROADUS
1002 NORTH SCHOOL STREET
HONOLULU, HAWAII 96817

COMPLAINT
JURY – NO
EXHIBIT A, A2
SUMMONS

1. **COMPLAINT...** The Victim *alleges* the Defendant, The State of Hawaii, HAWAII PUBLIC HOUSING AUTHORITY it's officers, agents, and employees are engaged in retaliatory abuses that are ongoing, becoming more severe and are now putting the victim in life-threatening situations. Immediate action is being sought from the Honorable Governor David Ige to command his employees to disengage from the violations and abuses they are inflicting upon the victim.

**2. *JURISDICTION*...** This action is being brought under the umbrella of ADA Title II, 42 U.S.C. §§12131, Section 504 and 505 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, ADA Title II §35.170 and §35.171 (a) 1 (I), 42 USC 1983 and 28 CFR PART 35. Victim is qualified under ADA Title II §35.108 (a) 1 (i). Victim and Defendants reside in Hawaii as the violations and abuses happened in the district of Hawaii, island of Oahu.

**3. *PARTIES*...** The Victim/Plaintiff is David G. Bylsma. The Defendant is THE STATE OF HAWAII, HAWAII PUBLIC HOUSING AUTHORITY; The defendant employees connected to the abuses have yet to be fully identified and may or may not include Hakim Ouansafi, Robei Broadus, David Stehlin and Doe Defendants that fall within the meaning of ADA Title 2 §35.101, §35.102 and §35.178 they are being sued in their official capacities only. The Honorable Governor David Ige committed no wrong doing and is being added as a defendant in an effort to grant immediate relief to the victim and bring HPHA it's officers, agents and employees into compliance with all laws, rules and regulations they are legally bound to. *Wherefore* The Plaintiff respectfully and officially attaches and joins in concert the Honorable Governor David Ige to this action.

**4. *FACTUAL ALLEGATIONS*...** In 2006 the Plaintiff David G. Bylsma moved into Pumehana a State/Federal Public Housing project located at 1212 Kinau St. Honolulu, Hi 96814. The project is managed by Defendant HAWAII PUBLIC HOUSING AUTHORITY (HPHA *hereinafter*).

Victim alleges abuses against him started in 2007 and have escalated becoming more severe over time. The Victim recognizes the Defendants have acted to try and effectuate a retaliatory eviction which would put Mr. Bylsma in a life-threatening situation while making him homeless. A situation he wouldn't be able to recover from.

5. HPHA routinely inspects everyone's unit annually. On Nov 15th 2017 HPHA failed Mr. Bylsma's annual unit inspection. This year HPHA sent somebody new, David Stehlin. Mr. Stehlin stated that Bylsma needed to attach his bed to the ceiling. (Mr. Bylsma purchased a second hand loft which is an office space with a bed above it) Mr. Stehlin stated that Bylsma needed to buy an 'L' bracket and drill into the ceiling using cement screws to attach the office unit which would keep the loft from tipping over and injuring Mr. Bylsma. The Plaintiff pointing out the laws of physics should keep the loft upright because it comes from within just 2 inches of the ceiling and is made out of steel beams and lock bolts making it impossible to tip over inside the apartment. Regardless Stehlin failed the inspection and issued Bylsma a notice of violation stating Rental Agreement 8 (k) that David had until November 29th 2017 to secure the office unit. *See* (*Exhibit A and Ex A2*) (*attached*).

6. On November 16th 2017 Mr. Bylsma purchased the hardware and was trying to figure out how he was going to drill into the cement ceiling and successfully attach his bed to it.

Bylsma realized there could be conduit with either water or electricity running through pipes in between the floors and decided to wait until Mr. Stehlin returned on November 29th and bring this possibility to his attention.

7. On November 29th 2017 instead of Mr. Stehlin showing up to see if Bylsma was in compliance Mr. Bylsma found himself face to face with a woman who he believes was HPHA PMMSB Branch Chief Robei Broadus who came to Mr. Bylsma's apartment with a maintenance worker and appeared to be somewhat disappointed as she stated that if Bylsma did drill into the ceiling he would certainly be evicted. Both her and the maintenance worker left as quickly as they came.

8. On 5/22/19 Mr. Bylsma submitted a request for a Reasonable Accommodation to his manager and in return he received a notice for inspection. When HPHA effectuated that inspection on July 17th 2019 at 11:00 A.M. Lorna Morgia and David Stehlin showed up at Bylsma's front door. Stehlin then informed Bylsma that one manager said he had to get his loft out. Stehlin suggested that Mr. Bylsma's loft may be in violation and HPHA is trying to decide whether it is in violation and may move to take it down so they won't get in trouble with HUD. Stehlin then remarked, "You don't have it attached to the ceiling do you? Bylsma responded accordingly stating it wasn't as Stehlin and Morgia left shortly thereafter.

**9. VICTIM'S CAUSE OF ACTION...** If this was an isolated incident Mr. Bylsma wouldn't file this, as we're about to see this abuse is one out of many the victim had to endure over the last 20 years. In this case Mr. Bylsma recognizes the defendants tried to take advantage of his disability by putting him in a "no win situation." It wasn't until Mr. Stehlin returned to Mr. Bylsma's apartment on July 17th 2019 before Mr. Bylsma recognized the red flag which was the comment he made checking to make sure Bylsma's loft wasn't attached to the ceiling. Exhibit A gives us confirmation that it was Stehlin himself that tried to coerce Bylsma into attaching it to the ceiling. This would have put Mr. Bylsma in violation of his lease agreement. Because of Mr. Bylsma's current situation he clearly recognizes an eviction would put him in a life threatening situation. When Stehlin failed Bylsma's inspection it caused emotional distress to Bylsma which is reflected in his hospital visits. Now knowing the defendants have possibly been plotting to evict by colluding with each other over time has significantly distressed and injured Mr. Bylsma as reflected in his recent hospital visits. His main question here is, "Why would Hakim Ouansafi send his Branch Chief from 1002 North School St. to do a follow up inspection at an AMP site with a tenant she had no connection to?"

**10.** As alleged in par 5 Bylsma recognizes Defendant violated ADA Title II §35.134 (b) by failing his inspection when no violation exist.

**11.** As alleged in par 7 Bylsma recognizes Defendant violated ADA Title II §35.134 (b) for trying to coerce him by sending Robei Broadus as opposed to Stehlin who was actually responsible for the follow up.

**12.** As alleged in par 8 Bylsma recognizes Defendant violated ADA Title II §35.134 (b) 2 times by coercing him into believing he was in violation when in fact there was no violation.

**13. *VICTIM'S CLAIM WHICH RELIEF CAN BE GRANTED...*** The Plaintiff/Victim David G. Bylsma seeks monetary damages to compensate him for the emotional distress and harm he experienced pursuant to 42 U.S.C. 1983, Section 203 of the ADA, 42 U.S.C. § 12132, Section 504 and 505 of the Rehabilitation Act," 29 U.S.C. § 794, 42 U.S.C. §12133 and 28 C.F.R. § 36.504. in the amount of $4000.00 so he can purchase mental health care products that will help to make him whole again...*or what ever this court deems fair and just.* Mr. Bylsma seeks compensatory relief for paper, ink, transportation, parking fees, potential lost wages, process server fees and legal advice etc. in the amount of $369.00. Once an agreement has been reached Mr. Bylsma will immediately file a motion to dismiss this case stating all requirements have been fulfilled. Mr. Bylsma is also open to resolutions including but not limited to mediation with a mediator appointed by this honorable court and judge presiding.

**14.** If the defendant HPHA would rather force the victim to suffer through a trail Mr. Bylsma will interpret this as a retaliatory action. He will act accordingly pushing this case to be publicized in an effort to keep him safe while seeking disciplinary action against all identified defendants.

Pursuant to 42 U.S.C. 1983, Section 203 of the ADA, 42 U.S.C. § 12132, Section 505 and 504 of the Rehabilitation Act," 29 U.S.C. § 794, 42 U.S.C. §12133 and 28 C.F.R. §36.504, and 28 CFR PART 35, Bylsma will ask for monetary/punitive relief for pain and suffering, emotional distress, that will help to pay for Doctors, Therapist, Personal Trainers who will be working close with the victim prescribing medications and remedies in an effort to make the victim whole again all of which are not covered under the victims current healthcare plan seeking a total of $45,000. Bylsma will expect compensatory relief for paper, ink, transportation, parking fees, potential lost wages, process server fees and legal advice etc. in the amount of $6369.00.

### 15. *PRAYER FOR RELIEF...*

WHEREFORE, the Victim/Plaintiff David G. Bylsma prays this Honorable Court:

(a) Grant judgment in favor of the Plaintiff and against Defendants on the Plaintiffs' claim that Defendants interfered, coerced, threatened, and/or intimidated David G. Bylsma violating ADA Title II § 35.134(b).

(b) Enjoin Defendant Hawaii Public Housing Authority and their officers, agents, and employees, and all other persons in active concert or participation with them, from discriminating against any individual because such individual has opposed any act or practice that they believe to be unlawful by the ADA.

(c) Enjoin Defendant Hawaii Public Housing Authority and their officers, agents, and employees, and all other persons in active concert or participation with them, from interfering, coercing, threatening or intimidating any individual in the exercise or enjoyment of, or on account of their having exercised or enjoyed, any right granted or protected by the ADA and Rehabilitation Act.

(d)  Require that Defendants establish a written policy for accommodating applicants with disabilities, as well as train all employees on their obligations under ADA Title II.

(e)  Award monetary damages to David Bylsma to compensate him for the harm he experienced and to make him whole again pursuant to 42 U.S.C. 1983, Section 203 of the ADA, 42 U.S.C. § 12132, Section 505 and 504 of the Rehabilitation Act," 29 U.S.C. § 794, 42 U.S.C. §12133 and 28 C.F.R. § 36.504.

(f)  Award punitive damages to David Bylsma to deter the defendants from injuring him any further pursuant to 28 C.F.R. § 36.504 (a) (c).

(g)  Access a civil penalty against Defendants pursuant to 28 C.F.R. § 85.5 in the amount of $92,383 for each violation, and $184,767 for each subsequent violation as authorized by 28 C.F.R. § 36.504(a)(3)(i) (ii)  to vindicate the public interest *and*...

(h)  Order such other appropriate relief as the interests of justice require.


DAVID BYLSMA Pro-Se
1212 Kinau St. #1603
Honolulu, Hi 96814
davidbylsmahawaii@yahoo.com
(808) 234-3932


Signed David G. Bylsma _____ Date 10-1-19
The above is true to the best of my knowledge