IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DAVID G. BYLSMA, <br><br> Plaintiff, <br><br> v. <br><br> HAWAII PUBLIC HOUSING AUTHORITY, *et al.*, <br><br> Defendants. | Case No. 19-cv-00535-DKW-WRP <br><br> **ORDER DENYING WITHOUT PREJUDICE MOTION FOR WAIVER OF COURT FEES.**[1] |

On October 1, 2019, Plaintiff David G. Bylsma, proceeding *pro se*, filed a civil complaint against Hawaii Public Housing Authority; the Governor of Hawaii, David Ige; and several public officials. Dkt. No. 1. Rather than pay the civil filing fee, Bylsma also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3. Because the IFP Application is incomplete, it is DENIED WITHOUT PREJUDICE.

An action may only proceed without concurrent payment of the filing fee if the party is granted leave to proceed *in forma pauperis*. 28 U.S.C. § 1915(a); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "[A] plaintiff seeking IFP

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Here, Bylsma has failed to do so. Although Bylsma states in his IFP Application, Dkt. No. 2, that he has $350 in a checking or savings account as well as owns a vehicle worth $1,800 and receives Social Security benefits in the amount of $771 per month, the IFP application is deficient. In particular, Bylsma has failed to respond to question (2), which is perhaps the most important question in the IFP Application. Therefore, the Court cannot meaningfully assess Bylsma's allegation of poverty and, thus, the IFP Application (Dkt. No. 2), is DENIED WITHOUT PREJUDICE.

If Bylsma elects to continue with this action, **Bylsma must fully complete and sign the Court's Application to Proceed *in forma pauperis*, or pay the civil filing fees in full by November 22, 2019. Failure to do so will result in automatic dismissal of this action.** In re *Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of *pro se* litigant's claim for failure to pay required filing fees). Should he file a new IFP Application, Bylsma must include the information he has provided thus far in his IFP application and state whether or not he is employed, his gross pay, and his take home-pay.

The Clerk of Court is DIRECTED to mail Bylsma a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240) and the accompanying instruction sheet so that he may comply with this Order.

IT IS SO ORDERED.

Dated: November 12, 2019 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*David G. Bylsma v. Hawaii Public Housing Authority, et al*; Civil No. 19-00535 DKW-WRP; **ORDER DENYING WITHOUT PREJUDICE MOTION FOR WAIVER OF COURT FEES**