IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DAVID G. BYLSMA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF HAWAII, *et al.*,<br><br>　　　　　Defendants. | Case No. 19-cv-00535-DKW-WRP<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**[1] |

On February 10, 2020, *pro se* Plaintiff David Bylsma filed a "Request to Extend Time," seeking leave of Court to allow him until March 1, 2020 to file an amended complaint.[2] Dkt. No. 16. The problem, however, is that this case was dismissed on February 6, 2020 for failure to prosecute, Dkt. No. 14, and Bylsma has not articulated a basis in law or fact for altering that Order and Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Accordingly, Bylsma's request is DENIED.

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] Bylsma's motion was originally docketed only in Bylsma's other pending case, *Bylsma v. Hawaii*, No. 19-cv-00611-DKW-RT (D. Haw. Feb. 10, 2019), ECF No. 12, because the caption of his filing referred only to Case No. 19-cv-00611. The body of the motion, however, also requested the same relief in this action. As such, the motion has also been docketed here.

## DISCUSSION

In light of the procedural posture of this dismissed action, and due to the policy that pro se litigants are not faulted for "missing or inaccurate legal terminology or muddled draftsmanship," *see Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013), the Court construes Bylsma's "Request to Extend Time" as a motion for reconsideration under Rule 59(e) because Bylsma filed his motion within twenty-eight days of entry of judgment. *See Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995) (construing pro se litigant's motion as a timely Rule 59(e) motion); *see Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001); *Rishor v. Ferguson*, 822 F.3d 482, 489–90 (9th Cir. 2016).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" that is available only if there is: (1) a "manifest" error of "law or fact"; (2) "newly discovered or previously unavailable evidence"; (3) an "intervening change in controlling law"; or (4) a need to prevent "manifest injustice." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (*en banc*)); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). As such, a Rule 59 motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon*

*Shipping Co. v. Baker*, 554 U.S. 471, 485–86 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Applying these principles here, it is clear that none of the grounds for reconsideration under Rule 59(e) justify an order reviving Bylsma's lawsuit. To be sure, Bylsma has not offered any justifiable reason for why he failed to comply with the January 31, 2020 deadline to amend his complaint. Dkt. No. 8. Bylsma's previous request to extend the deadline to amend his complaint was premature and did not set forth any explanation for why Bylsma could not comply with the January 31, 2020 deadline. Thus, the Court denied Bylsma's request without prejudice. Dkt. No. 13. Instead of timely renewing his request, he ignored the January 31, 2020 deadline and waited until February 10, 2020—after this case was dismissed—to renew his request for an extension.

Moreover, the psychiatrist's letter Bylsma submitted does not explain Bylsma's failure. The letter only states that Bylsma is diagnosed with mental disorders that "interfere with [his] social functioning" and render him disabled from work. Dkt. No. 16-1. It says nothing about his condition making it impossible for

3

him to comply with the Court's Order.   Bylsma has been afforded over a month to amend an 8-page document and has been given guidance from this Court on how to do so.   There is no evident reason why that could not have been accomplished.   Rather, the instant motion Bylsma filed merely states that he is "working on his complaints."   Dkt. No. 16 at 2.

Having liberally construed Bylsma's "Request to Extend Time" as a motion for reconsideration, Bylsma has not stated a legitimate basis in law or fact for altering the February 6, 2020 Order.   Accordingly, Bylsma's motion is DENIED.

## **CONCLUSION**

For the reasons stated, Bylsma's Request to Extend Time, construed herein as a Rule 59(e) motion for reconsideration, Dkt. No. 16, is DENIED.

IT IS SO ORDERED.

Dated: February 14, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

_David G. Bylsma v. State of Hawaii, et al;_ Civil No. 19-00535 DKW-WRP;
**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**